UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLEY J. S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:18-CV-05782-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's subjective complaints, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2015, Plaintiff filed an application for DIB, alleging disability as of the date of her application. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Marilyn S. Mauer on February 27, 2017. *See* AR 30-43. A second, supplemental, hearing was held before the ALJ on July 10, 2017. AR 44-68. In a decision dated November 3, 2017, the ALJ determined Plaintiff was not disabled. *See* AR 15-24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider Plaintiff's subjective symptom testimony; (2) consider lay witness testimony; and (3) assess Plaintiff's RFC and her ability to perform her past relevant work. Dkt. 12, p. 1. Plaintiff requests remand for an award of benefits. *Id*. at pp. 16-17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 8. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1]

Plaintiff testified she cannot work due to fibromyalgia, severe osteoarthritis, a herniated disk in her back, and sciatica. AR 47-48. She also has emotional breakdowns, severe anxiety, and depression. AR 48. Plaintiff states she can lift and carry ten pounds no higher than her chest. AR 48. She can sit for about 30 minutes in a chair during the average day before she needs to get up and move because she feels restless and achy. AR 49. Plaintiff can stand continuously for

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Thus, at this time, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

approximately 10 to 15 minutes before her legs and lower back start aching and she needs to move. AR 49. Plaintiff testified she can walk for approximately 15 minutes without interruption and does so about three times a week. AR 50-51. She climbs four stairs daily. AR 52. Plaintiff takes a nap for one to three hours every day, and Plaintiff has to stay in bed one to two days per month due to feeling sick and aching from head to toe. AR 51, 62.

On a typical day, Plaintiff watches television, takes a shower, takes a nap, works on a jigsaw puzzle, and fixes breakfast and dinner. AR 57. Plaintiff is able to bathe and dress herself and drives two to three times per week. AR 50. At home, she is responsible for laundry, cooking, grocery shopping, some gardening, and keeping the house clean. AR 52. In her Adult Function Report, Plaintiff stated that she cooks sandwiches, soup, and cereal. AR 245. She no longer prepares big meals and eats more frozen meals. AR 245. Plaintiff usually shops on the weekend with her son and has assistance with heavier items. AR 57.

Plaintiff testified that she takes oxycodone, Paxil,[2] and a blood pressure medication. AR 55. The medications are effective, but cause nausea, sleepiness, and a loss of energy. AR 55-56.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 21. The ALJ determined Plaintiff's complaints were not fully supported because (1) Plaintiff's pain was controlled with medication; (2) the record does not support Plaintiff's contention that she was bedridden two days per month; (3) Plaintiff was not following the advice of medical professionals; (4) Plaintiff's complaints were

---

[2] Paxil is a medication that can be used to treat depression and anxiety disorders.

inconsistent with her treatment history; and (5) the objective medical evidence did not support her shoulder and lower back complaints. AR 21-22.

First, the ALJ discounted Plaintiff's testimony because Plaintiff's fibromyalgia pain was controlled by medication. AR 21. The ALJ concluded that, because there was no indication that Plaintiff ran out of pain medication and Plaintiff was attempting to taper her pain medication, her degree of pain did not preclude her from the performing work within the RFC. AR 21. "An ALJ may properly rely on the fact that medication is helpful to discount a claimant's credibility." *Wilson v. Colvin*, 2013 WL 4040122, at *7 (C.D. Cal. Aug. 8, 2013). The records show Plaintiff was stable on a non-escalating dose of oxycodone for her fibromyalgia and osteoarthritis pain. *See* AR 55, 372-73, 523. The medical records indicate the pain medication did not, however, improve Plaintiff's physical or work functioning. *See* AR 373 (physical functioning same), 524 (work functioning not improved); 529 (physical functioning worsened), 534 (physical functioning same). Further, Plaintiff reported her average level of pain while taking the pain medications was a five and her worst pain was a ten on a scale of one to ten. AR 524, 615, 619-20.

The ALJ states Plaintiff was attempting to taper her medication, indicating her pain was generally managed with medication. AR 21. The record cited to by the ALJ shows Plaintiff was open to minimizing her narcotic use, but Plaintiff's medical providers did not decrease Plaintiff's dosage and Plaintiff reported she was still experiencing pain when taking the medication. AR 21, 610, 615, 620. While Plaintiff reported her pain was better when she was taking oxycodone, the record does not reflect that Plaintiff's pain resolved with pain medication nor that Plaintiff's ability to function improved with pain medication use. The ALJ fails to explain how evidence showing Plaintiff's pain was more controlled, but not eliminated, with pain medication use

discounts Plaintiff's reports of disabling pain. Therefore, the ALJ's first reason for discounting Plaintiff's subjective symptom testimony is not clear and convincing. *See Krauze v. Astrue*, 2012 WL 2357250, at * 9-10 (D. Ariz. June 20, 2012) (finding the ALJ's decision to discount the plaintiff's testimony because the plaintiff's pain medication reduced his pain and did not cause side effects was not supported by the record when the evidence showed the plaintiff's pain medication did not completely control the plaintiff's pain); *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person ... makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Second, the ALJ discounted Plaintiff's testimony because "the record does not reflect" that Plaintiff was bedridden by fibromyalgia pain two days per month. AR 21. The ALJ failed to cite to any records to support this finding. Without an adequate explanation regarding what evidence "does not reflect" Plaintiff was bedridden two days per month, the ALJ has failed to meet the level of specificity required. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Furthermore, Social Security Administration rulings recognize "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6; *see also Brosnahan v. Barnhart*, 336 F.3d 671, 672 n. 1 (8th Cir. 2003) (fibromyalgia causes "long-term but variable levels of muscle and joint paint, stiffness, and fatigue"). Therefore, the ALJ's second reason for discounting Plaintiff's fibromyalgia pain is insufficient.

Third, the ALJ discounted Plaintiff's testimony regarding Plaintiff's complaints of fibromyalgia pain because Plaintiff was not following recommended treatment. AR 21. The Ninth Circuit has "long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (internal quotations and citations omitted).

Here, the ALJ found Plaintiff's failure to engage in general exercise, as recommended by her providers, showed Plaintiff's impairments were not as severe as alleged. AR 21. The ALJ did not cite to any medical records showing Plaintiff's providers prescribed an exercise treatment plan. *See* AR 21. Moreover, the record shows Plaintiff does home exercises every other day and walks around the block three times per week for fifteen minutes. AR 51. Based on the evidence, Plaintiff is attempting to comply with any alleged recommendation to exercise. Further, Plaintiff testified she does not exercise at a faster pace because it gets difficult for her. AR 51. The ALJ did not consider Plaintiff's explanation for why she was not exercising more. *See* AR 21. As such, the ALJ's third reason for discounting Plaintiff's testimony is not clear and convincing. *See Trevizo v. Berryhill*, 871 F.3d 664, 680 (9th Cir. 2017) (finding the ALJ could not discount the plaintiff's testimony due to noncompliance when the ALJ failed to consider the plaintiff's explanation for her failure to follow prescribed treatment); *Leslee C. v. Berryhill*, 2019 WL 130298, at *4 (W.D. Wash. Jan. 8, 2019) (finding the ALJ erred by not considering all reasons pertinent to absent treatment when discounting the plaintiff's testimony); Social Security Rule ("SSR") 16-3p (stating the Administration "will not find an individual's symptoms inconsistent with" evidence of prescribed treatment "without considering possible reasons he or she may not comply with treatment[.]").

Fourth, while not clearly stated, the Court finds the ALJ discounted Plaintiff's testimony because of inconsistencies between Plaintiff's testimony and her treatment history. *See* AR 21-22. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). Further, as stated above, the ALJ may properly rely on an unexplained or inadequately explained failure to seek treatment. *Molina*, 674 F.3d at 1113. However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834.

Here, the ALJ summarized portions of the medical records related to Plaintiff's shoulder, back, knee, and hip pain, but the ALJ did not link the cited medical records to any specific portion of Plaintiff's subjective symptom testimony. *See* AR 21-22. In only providing a recitation of the medical evidence, the ALJ failed to identify *which* testimony is credible and *what* evidence suggests Plaintiff's complaints are not credible. *See Dodrill*, 12 F.3d at 917. Accordingly, the ALJ's finding that Plaintiff's subjective complaints regarding her shoulder, knee, back, and hip pain were inconsistent with Plaintiff's treatment history is insufficient to discount her testimony.

Finally, to the extent the ALJ discounted Plaintiff's subjective symptom testimony because it was not supported by the objective medical evidence, this reason is insufficient. *See* AR 21-22. A claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not

supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc)); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

The Court finds the ALJ provided five reasons for discounting Plaintiff's subjective symptom testimony. AR 21-22. As discussed above, the ALJ's first four reasons for discounting Plaintiff's subjective symptom testimony are improper. The only remaining reason for discounting Plaintiff's complaints is because the complaints are unsupported by the objective evidence. As this is the sole remaining reason and because a claimant's pain testimony may not be rejected solely on the basis that it is unsupported by the objective evidence, the Court need not determine if this fifth reason is proper and finds the ALJ has not provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

For the above stated reasons, the Court finds the ALJ failed to provide a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than the limitations included in the RFC determination. For example, Plaintiff testified she can sit for about 30 minutes, stand continuously for approximately 10 to 15 minutes, and walk for approximately 15 minutes without interruption. AR 50-51. She also testified that she has to stay in bed one to two days per month, which shows absenteeism. AR 62. In contrast, the RFC limited Plaintiff to sitting, standing, and walking for six hours in an eight-hour day. AR 20. The ALJ also did not find Plaintiff would be absent from work. *See* AR 20. Had the ALJ properly considered Plaintiff's subjective symptom testimony, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

## II. Whether the ALJ provided proper reasons for discounting lay witness testimony.

Plaintiff contends the ALJ failed to provide germane reasons for discounting the lay witness opinion of Plaintiff's ex-husband. Dkt. 12, pp. 12-13. The Court concludes the ALJ committed harmful error in assessing Plaintiff's subjective symptom testimony. *See* Section I, *supra*. Because the ALJ's reconsideration of Plaintiff's subjective symptom testimony may impact her assessment of lay witness opinions, on remand, the ALJ must reconsider the statement submitted by Plaintiff's ex-husband.

## III. Whether the ALJ erred at Step 4.

Plaintiff also maintains the ALJ erred by finding Plaintiff can perform her past relevant work because the RFC did not contain all Plaintiff's limitations. Dkt. 12, pp. 13-16. Plaintiff also argues the ALJ's finding at Step 4 was not supported by substantial evidence because the ALJ

relied on an inaccurate Dictionary of Occupational Titles ("DOT") number to describe Plaintiff's past relevant work. *Id.*

Regardless of whether the ALJ erred at Step 4, the ALJ committed harmful error when she rejected Plaintiff's subjective symptom testimony, which included additional functional limitations. *See* Section I, *supra*. The ALJ's error in assessing Plaintiff's subjective symptom testimony requires remand to the Commissioner for proper consideration of Plaintiff's RFC and to reconsider each of the remaining steps in the administrative process. As the ALJ's re-evaluation of Plaintiff's testimony may impact all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand, completing each step of the sequential evaluation process. At Step 4, the ALJ shall re-evaluate whether the DOT number relied on by the vocational expert accurately describes Plaintiff's past relevant work.

**IV. Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 12, pp. 16-17. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate Plaintiff's subjective symptom testimony, the opinion of Plaintiff's ex-husband, and whether Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 12th day of July, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge